Hazel M. McDOWELL

v.

JOHNS–MANVILLE SALES CORPORATION, et al.

No. IP 81–365–C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 22, 1987.

See also, 662 F.Supp. 930.

Richard Andrew Young, Young & Young, Indianapolis, Ind., James R. Kellam, Kellam & Taylor, New Castle, Ind., for plaintiff.

Raymond H. Modesitt, Patrick Wilkinson Goeller & Modesitt, Terre Haute, Ind., Jon L. Williams, Douglas B. King, Wooden, McLaughlin & Sterner, Michael A. Bergin, Locke Reynolds Boyd & Weisell, Phillip R. Scalletta, Ice Miller Donadio & Ryan, Indianapolis, Ind., Jeff D. Harris, Foran Wiss & Schultz, Chicago, Ill., for defendants.

STECKLER, District Judge.

This matter is before the Court on defendant Asbestos Corporation Limited's ("ACL") motion for summary judgment or, in the alternative, partial summary judgment. The motion will be denied.

This suit is a product liability action brought by Hazel McDowell against several defendant corporations, including ACL, which mine, manufacture, or process asbestos and asbestos materials. Hazel McDowell worked with asbestos from 1966 to 1975, while an employee of the Firestone Tire & Rubber Company, WorldBestos Division, at the New Castle, Indiana plant. In June of 1980 she was diagnosed as having an asbestos-related disease. Plaintiff commenced this action on April 14, 1981, alleging negligence and strict liability. There is no dispute that defendant ACL last delivered asbestos to plaintiff's employer in 1976.

Pursuant to Fed.R.Civ.P. 56 defendant ACL moves for summary judgment contending that plaintiff's cause of action is barred as untimely in its entirety under Ind. Code § 34–1–2–2. In the alternative, ACL moves for partial summary judgment contending that plaintiff's action is barred in part as untimely by Ind. Code § 33–1–1.-5–5. The Court disagrees.

■ There is no dispute that a two-year limitation period applies to plaintiff's negligence claim and strict liability claim. The negligence claim is governed by Ind. Code § 34–1–2–2, while the strict liability claim is governed by Ind. Code § 33–1–1.5–5. The dispositive issue in this case is when the cause of action accrued. Under Indiana law, when an injury is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance, the cause of action is deemed to accrue when the plaintiff knew or should

have discovered that the injury was caused by the product or act of another. *Barnes v. A.H. Robbins Co., Inc.*, 476 N.E.2d 84, 87–88 (Ind.1985). This rule applies to asbestos cases. *See Walters v. Owens-Corning Fiberglass Corp.*, 781 F.2d 570, 572 (7th Cir.1986).

■ In the instant case, Hazel McDowell's cause of action accrued in June of 1980 when she was diagnosed as having an asbestos-related disease. She filed suit on April 14, 1981, within two years of discovering the injury. Therefore plaintiff's action was commenced within the two-year limitations period and is not barred.

■ ACL alternatively contends that plaintiff's claims are barred in part by Ind. Code § 33–1–1.5–5 which provides in pertinent part:

> ... any product liability action in which the theory is negligence or strict liability in tort must be commenced within ... ten [10] years after the delivery of the product to the initial user or consumer....

Ind. Code § 33–1–1.5–5. Defendant argues that to the extent plaintiff's claims are based upon exposure to asbestos delivered by ACL to plaintiff's employer more than ten years before this action was commenced, ACL is entitled to judgment on those claims. ACL's attempt to divide liability finds no support in the case law and this argument has been rejected by other courts. *See Thurston v. Johns-Manville Sales Corporation, et al.*, No. 81–C–243 (S.D. Ind. September 5, 1986); *Troxell v. Johns-Manville Sales Corporation, et al.*, No. 81–C–307 (S.D. Ind. October 7, 1986). The Court finds that Hazel McDowell's claim is timely under Ind. Code § 33–1–1.5–5 in that ACL last delivered asbestos to her employer in 1976 which falls within the ten-year cutoff date.

Based on the foregoing the Court hereby DENIES ACL's motion for summary judgment.

IT IS SO ORDERED.