Carol JURICH, Individually and as Special Administrator of the Estate of Nicholas Jurich, Appellant (Plaintiff below),

v.

GARLOCK, INC., A.C. and S., Inc., Anchor Packing Co., A.W. Chesterton Co., Illinois Insulation Co., John Crane Co., J.P. Bushnell Packing & Supply, Luse–Stevenson Co., Metropolitan Life Insurance Co., North American Refractories, Owens–Corning Fiberglas Corp., Pittsburgh Corning Corp., Paul J. Krez Co., PPG Industries, Rapid American Corp., Swindell Dressler International Co., W.R. Grace & Co.-Conn., WTI Rust Holdings, Inc., Davy Mckee Equipment Corp., Appellees (Defendants below).

No. 45S03–0303–CV–127.

Supreme Court of Indiana.

March 25, 2003.

Donald J. Berger, South Bend, IN, Robert G. McCoy, Mark R. Penney, Chicago, IL, Attorneys for Appellant.

David A. Temple, Indianapolis, IN, Attorney for John Crane, Inc.

Thomas W. Hayes, Long Grove, IL, Attorney for John Crane, Inc.

Thomas S. Ehrhardt, Crown Point, IN, Attorney for WTI Rust Holdings, Inc.

SULLIVAN, Justice.

Nicholas Jurich worked for Inland Steel in East Chicago, Indiana, from 1946 to 1986. It is undisputed that during the course of his employment, Mr. Jurich worked with and around various asbestos-containing products and materials initially distributed by the Defendants.

Mr. Jurich was diagnosed with mesothelioma on October 10, 1996, more than ten years after his retirement from Inland Steel. On April 3, 1997, he and his wife, Carole Jurich, filed a complaint against numerous defendants seeking personal injuries and loss of consortium. Mr. Jurich died of mesothelioma on November 19, 1997. Carole Jurich subsequently amended the complaint to allege that his death had been caused by the same exposure to asbestos.

The Indiana General Assembly has enacted two statutes that limit the period of time within which individuals can file product liability claims. One of these statutes, Ind.Code § 34–20–3–1, generally applies to product liability claims and establishes a ten-year period of repose; we will refer to this statute as "Section 1." The second statute, Ind.Code § 34–20–3–2, specifically applies to certain asbestos liability claims; we will refer to this section as "Section 2." (We note that prior to recodification in 1998, Sections 1 and 2 appeared at Ind. Code § 33–1–1.5–5 and § 33–1–1.5–5, respectively.)

In the present case, the Defendants argue that Section 2 only applies to a limited class of defendants and that they do not fall within that class. As such, certain Defendants contend that Ms. Jurich must proceed against them under the more time restrictive Section 1.[1] Ms. Jurich responds

---

1. The Defendants moving for summary judgment based on the statute of repose included:

that even if she is not permitted to proceed against the Defendants under Section 2, Section 1 is unconstitutional under both Article I, § 12, and Article I, § 23 of the Indiana Constitution.

The trial court agreed with the Defendants that Section 2 did not apply to them and that the Section 1 statute of repose had expired prior to the accrual of Mr. Jurich's claims.

The Indiana Court of Appeals reversed the summary judgment order and found that Section 2 did not apply to the Defendants but then found the statute of repose to be unconstitutional as applied under Article I, § 12, of the Indiana Constitution. *Jurich v. Garlock, Inc.,* 759 N.E.2d 1066, 1077 (Ind.Ct.App.2001).

We hold today in *AlliedSignal v. Ott,* 785 N.E.2d 1068 (Ind.2003), that the Legislature consciously intended to subject to Section 2 only those entities that produce raw asbestos, while leaving those who sell asbestos-containing products within the ambit of Section 1.[2] We also hold that the statutory scheme does not violate either art. I, § 12 or art. I, § 23, except in the limited circumstance where a reasonably experienced physician could have diagnosed the plaintiff with an asbestos-related illness or disease within the ten-year statute of repose, yet the potential plaintiff had no reason to know of the diagnosable condition until the ten-year period had expired.

Our reasoning in that case applies here, and we reach the same result: since the evidence did not demonstrate that any of the Defendants both mined and sold commercial asbestos, Section 2 did not apply.

Since the Juriches' claims do not fall under Section 2, the general ten-year statute of repose found in Section 1 applies. Given that the Juriches' claims were filed after the expiration of the period of repose, summary judgment for the Defendants was proper unless a reasonably experienced physician could have diagnosed Mr. Jurich with an asbestos-related illness or disease within the ten-year statute of repose, yet Mr. Jurich had no reason to know of the diagnosable condition until the ten-year period had expired. We direct the trial court to examine this possibility on remand.

*Conclusion*

We grant transfer pursuant to Indiana Appellate Rule 58(A). We vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

SHEPARD, C.J., and BOEHM, J., concur.

DICKSON, J., dissents with separate opinion, in which RUCKER, J., concurs.

DICKSON, Justice, dissenting.

Asbestos-related cancer does not manifest itself until ten to twenty-five years after exposure. I believe that the General Assembly, for reasons of compassion, fairness, and justice enacted Indiana Code § 34–20–3–2 to provide relief for all asbestos victims from the general ten-year statute of repose in the Indiana Product Liability Act. Consistent with this legislative intent, I believe that the phrase "persons who mined and sold" means "persons who mined and persons who sold" and that "commercial asbestos" includes not only

---

Anchor Packing Co.; Garlock, Inc.; John Crane Co.; WTI Rust Holdings; and Pittsburgh Corning (whose motion was not before the trial court at the time of its order due to ongoing bankruptcy proceedings).

2. The reasoning used to get to this conclusion is very similar to that used by Judge Barnes in Part II of the Court of Appeals' opinion. Given that, we adopt that part of Judge Barnes's opinion.

raw asbestos but also asbestos in commercial products. I further believe that, under the majority's restrictive construction of this section, application of the product liability statute of repose to the plaintiff's claims violates both Section 12 and Section 23 of Article 1 of the Indiana Constitution. My reasons are detailed in *AlliedSignal, Inc. v. Ott,* 785 N.E.2d 1068 (Ind.2003) (Dickson, J., dissenting).

RUCKER, J., concurs.