[No. A097110. First Dist., Div. One. Apr. 14, 2003.]

MAX COSSMAN, Plaintiff and Appellant, v.
DAIMLERCHRYSLER CORPORATION et al., Defendants and
Respondents.

**COUNSEL**

Wartnick Law Firm, Harry F. Wartnick, Richard A. Brody; Law Offices of Frank S. Moore and Frank S. Moore for Plaintiff and Appellant.

Carroll, Burdick, & McDonough, Justs N. Karlsons, David M. Rice and Rosemary Springer for Defendants and Respondents DaimlerChrysler Corporation Ford Motor Co., Mercedes-Benz USA, LLC, and Volkswagen of America, Inc.

Stevens, Drummond & Gifford and Gary T. Drummond for Defendant and Respondent Pneumo Abex Corporation Inc.

**OPINION**

**MARCHIANO, P. J.**—Plaintiffs Max and Bette Cossman brought an action alleging that Bette Cossman was exposed to asbestos that resulted in a diagnosis of mesothelioma in 1994. Max Cossman appeals from the superior court's granting of a nonsuit in favor of several Indiana defendants based on the Indiana statute of limitations.[1]

The issue we consider is whether a nonresident plaintiff may bring a tort action in California that accrued in another state and was caused by acts in the other state notwithstanding the fact that the action is barred by the statute of limitations of the foreign state. We conclude that Code of Civil Procedure section 361 bars the action and affirm.[2]

---

[1]Bette Cossman died on July 16, 2002, while this appeal was pending. Max Cossman is hereby substituted as her successor in interest pursuant to Code of Civil Procedure section 377.32.

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

BACKGROUND

Max and Bette Cossman were born in Indiana. They met in Indiana in 1941 and married in 1943 in South Bend, Indiana. At that time, Mr. Cossman was in the United States Navy, stationed in California. Mrs. Cossman went to live with her husband in Seal Beach, California, from approximately August of 1943 until the end of that year. At that time, Mr. Cossman was assigned to the South Pacific and Mrs. Cossman returned to Indiana to live with her parents.

In July or August of 1945, Mr. Cossman returned and was stationed in the Long Beach area. Mrs. Cossman went to California when she learned his ship would be in for repairs for three to four weeks. The couple remained in California for approximately four months, until December of 1945, when Mr. Cossman was placed on inactive duty. During the four months that the couple was in California in 1945, Mr. Cossman was exposed to asbestos products manufactured by defendants who are not parties to this appeal, including Garlock, Inc. Those products were used or removed from the ship, which was being overhauled.[3] Mrs. Cossman was allegedly exposed when she did her husband's laundry.

In January of 1946, the couple returned to Indiana and did not leave the state again. Max Cossman worked in his family's auto parts and salvage business, where he was exposed to asbestos-containing automotive friction products in brakes and brake gaskets produced by defendants Daimler-Chrysler Corporation, Ford Motor Company, Mercedes-Benz USA, LLC., Volkswagen of America, Inc., Pneumo Abex Corporation, Inc., and Moog Automotive, referred to by the parties collectively as the "friction defendants."[4] Mrs. Cossman's exposure was alleged to be household exposure to asbestos dust brought home on her husband's clothing.

In 1994, Bette Cossman was diagnosed with mesothelioma. At that time, doctors told the Cossmans that the disease was caused by asbestos exposure. The Cossmans did not consult an attorney at that time. The doctors asked if the Cossmans had ever worked in any field involving asbestos. The Cossmans' only exposure to asbestos products of the friction defendants was in Indiana.

On April 28, 2000, more than five years after Bette Cossman's diagnosis, the Cossmans filed a complaint for damages in San Francisco Superior

---

[3]Max Cossman represents that except for Garlock, Inc., all defendants sued because of exposure in California have settled or filed for bankruptcy.

[4]Defendant Moog Automotive filed a petition for bankruptcy on October 1, 2001, and an automatic stay was issued. Moog Automotive has not filed a brief in this appeal. Defendant Pneumo Abex Corporation, Inc., has joined in defendants' response to the appeal.

Court, alleging negligence, strict liability, loss of consortium and other causes of action against multiple defendants, including the friction defendants and the asbestos manufacturers and suppliers responsible for exposures to asbestos products during the time the couple lived in California. The Cossmans were residents of Indiana at the time the complaint was filed.

On October 30, 2000, the friction defendants filed a motion for summary judgment, arguing that the Indiana statute of limitations barred the action. In its December 26, 2000 order, the court noted that the Cossmans admitted they were not exposed to any products of the friction defendants while living in California. The court reasoned that it could not determine from the facts submitted whether the injury alleged to have been caused in California was a separate and distinct injury from that caused in Indiana. The court noted that if the injury was a single injury caused by joint exposure, section 361 might bar the action. The court denied the motion.

In the early months of 2001, the friction defendants brought before the trial judge motions for nonsuit and motions in limine, again arguing that the action was barred by Indiana's statute of limitations. On February 14, 2001, the court filed a memorandum on statute of limitations and repose, stating that the court had determined that the Indiana statute applied to the defendants who caused injury in Indiana. The Cossmans submitted proposed stipulated facts or, if defendants did not stipulate, an offer of proof, stating that it was for the limited purpose of the court's decision on the choice of law between Indiana and California.[5]

The court stayed the matter while plaintiffs filed a writ petition in this court. We denied the petition on March 7, 2001. The Cossmans filed another offer of proof in the trial court. They offered to stipulate that Bette Cossman's exposure to asbestos fibers from the defendants' products occurred no later than 1985 and that the complaint was filed on April 28, 2000.

At a hearing on July 26, 2001, the Cossmans agreed to submit the matter on the entire record that had been submitted in connection with the nonsuit motion. Their counsel argued that even though Bette Cossman went back to live in Indiana between 1943 and 1945, she remained a resident of California until Mr. Cossman was released from active service and the couple established a permanent residence in Indiana.

After argument, the court reaffirmed its conclusion that Indiana law governed the case as to the friction defendants. The court found insufficient

---

[5]Defendants submitted deposition transcripts that conflicted with the Cossmans' proposed fact that they had been California residents from 1942 to 1946, to reflect that Bette Cossman had been in California for approximately four months in 1943 and four or five months in 1945. The Cossmans appeared to concede the time of Bette's actual presence in California, but not the duration of her legal residence in this state.

evidence had been submitted to establish that Bette Cossman was a citizen of California while her husband was in the Navy. It determined that the only exposure to the friction defendants' products took place in Indiana. The court found that the action was barred under the applicable Indiana statute, in that the action was not filed within two years of accrual or within 10 years after the delivery of the product to the initial user.

The court granted the motion for nonsuit. Judgment was entered on August 20, 2001. The Cossmans' motion for a new trial was denied on October 12, 2001. On November 9, 2001, the Cossmans appealed.

## DISCUSSION

Plaintiff Max Cossman[6] contends that the trial court incorrectly used section 361, California's borrowing statute, to apply Indiana's statute of limitations to the friction defendants. He argues that section 361 cannot be properly applied to indivisible injuries caused by multiple exposures to asbestos and that he comes within a statutory exception for California citizens. He also contends that even if the action arose in Indiana, the Indiana statute of repose does not apply to asbestos-caused diseases and that the defendants failed to prove the date the injury accrued for purposes of the statute of limitations. Cossman also argues that this application of the Indiana statute of repose is unconstitutional. Finally, he contends that a governmental interest analysis requires the application of California law.

We agree with the trial court's conclusion that section 361 requires the application of Indiana law in the case of the friction defendants and that the Indiana two-year statute of limitations bars the claim. Because we find that section 361 and the two-year statute of limitations control the result in this case, we do not reach issues regarding the 10-year statute of repose or the governmental interest analysis outlined in *Hurtado v. Superior Court* (1974) 11 Cal.3d 574 [114 Cal.Rptr. 106, 522 P.2d 666].

*Standard of Review of Order Granting Nonsuit*

"A motion for nonsuit or demurrer to the evidence concedes the truth of the facts proved, but denies as a matter of law that they sustain the plaintiff's case. A trial court may grant a nonsuit only when, disregarding conflicting evidence, viewing the record in the light most favorable to the plaintiff and indulging in every legitimate inference which may be drawn from the evidence, it determines there is no substantial evidence to support a judgment in the plaintiff's favor." (*Edwards v. Centex Real Estate Corp.*

---

[6]See footnote 1, *ante.*

(1997) 53 Cal.App.4th 15, 27-28 [61 Cal.Rptr.2d 518] (*Edwards*), italics omitted.)

On appeal, "[w]e are bound by the same rules as the trial court. Therefore, on this appeal we must view the evidence most favorably to appellants, resolving all presumptions, inferences and doubts in their favor, and uphold the judgment for respondents only if it was required as a matter of law." (*Edwards, supra,* 53 Cal.App.4th at p. 28.)

*Section 361 Requires Application of Indiana Law*

■ In general, whether a claim is barred by a statute of limitations "is a procedural matter governed by the law of the forum, regardless of where the cause of action arose." (*Biewend v. Biewend* (1941) 17 Cal.2d 108, 114 [109 P.2d 701, 132 A.L.R. 1264] (*Biewend*), overruled on another point in *Worthley v. Worthley* (1955) 44 Cal.2d 465, 469-470 [283 P.2d 19].) ■ In consulting California law, we observe that the statute of limitations for asbestos actions does not begin to run against plaintiffs who retired before the onset of what would have been a disability caused by asbestos exposure. (§ 340.2;[7] *Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1141-1142 [95 Cal.Rptr.2d 701, 998 P.2d 403].)

California law also provides an exception to the general rule regarding the applicable statute of limitations. Section 361, California's borrowing statute, requires adoption of the statute of limitations of the state in which the action arose. (*Delfosse v. C.A.C.I., Inc.-Federal* (1990) 218 Cal.App.3d 683, 691 [267 Cal.Rptr. 224].) Section 361 provides as follows: "When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued."

Section 361 prevents residents of other states with claims that are barred in the jurisdiction in which they arose from using the California courts to prosecute an action. *Giest v. Sequoia Ventures, Inc.* (2000) 83 Cal.App.4th 300, 303 [99 Cal.Rptr.2d 476] (*Giest*) is instructive. In *Giest*, the heirs and

---

[7]Section 340.2 provides: "(a) In any civil action for injury or illness based upon exposure to asbestos, the time for the commencement of the action shall be the later of the following: [¶] (1) Within one year after the date the plaintiff first suffered disability. [¶] (2) Within one year after the date the plaintiff either knew, or through the exercise of reasonable diligence should have known, that such disability was caused or contributed to by such exposure. [¶] (b) 'Disability' as used in subdivision (a) means the loss of time from work as a result of such exposure which precludes the performance of the employee's regular occupation."

executor of a person who died from an asbestos-related disease brought a wrongful death action in California. The decedent's exposure to defendant's asbestos products occurred during his working years in Montana from 1950 to 1985. (*Id.* at p. 302.) Division Four of this court held that under those circumstances, the borrowing statute required the application of Montana law. (*Id.* at pp. 303-304.)

Plaintiff here argues that mesothelioma is a single injury caused, in this case, by multiple exposures to asbestos products in Indiana and California. He contends that the trial court erroneously split the cause of action into California and Indiana components, contrary to statements by our Supreme Court in *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 982-983 [67 Cal.Rptr.2d 16, 941 P.2d 1203] (*Rutherford*). This attempt to import the reasoning of *Rutherford* fails because *Rutherford* concerned a different subject—the inapplicability of a burden-shifting instruction in asbestos cases. The *Rutherford* court explained that a plaintiff need not prove which asbestos product "actually began the process of malignant cellular growth." The plaintiff need only establish "some threshold exposure" to the defendant's product and the particular exposure was a "substantial factor in bringing about the injury." (*Id.* at p. 982, italics omitted.)

The indivisibility of the causation element of a cause of action does not resolve the issue raised in this case. As explained by our Supreme Court, the rules against splitting a cause of action have no bearing on the statute of limitations. ■ "The rule against splitting a cause of action is neither an aspect, nor a restatement, of the statute of limitations; rather, it is in part a rule of abatement and in part a rule of res judicata." (*Hamilton v. Asbestos Corp., supra*, 22 Cal.4th 1127, 1146, italics omitted.)

■ In the context of deciding when a cause of action based on asbestos exposure arises for purposes of the application of statutory limits on economic damages, our Supreme Court held: "[A] cause of action for damages arising from the latent and progressive asbestos-related disease mesothelioma has 'accrued' . . . if the plaintiff was diagnosed with the disease for which damages are being sought, or otherwise discovered his illness or injuries, prior to Proposition 51's effective date of June 4, 1986." (*Buttram v. Owens-Corning Fiberglas Corp.* (1997) 16 Cal.4th 520, 525 [66 Cal.Rptr.2d 438, 941 P.2d 71] (*Buttram*).) This standard mandates a finding that the Cossmans' cause of action arose in Indiana at the time of diagnosis. The *Buttram* court rejected a more lenient standard that would have found the action arose when the plaintiff first suffered some compensable injury. Even if we used the rejected standard, the Cossmans first suffered injury from the products of these defendants in Indiana. (*Id.* at p. 524.)

In this case, the Cossmans were residents of Indiana at the time of Mrs. Cossman's exposure to the friction defendants' products, the time of diagnosis, and the time of filing the complaint. She was never exposed to their products in California. Mrs. Cossman was diagnosed with mesothelioma and told that it was caused by asbestos while she was living in Indiana. Under any reasonable interpretation of the facts, the action against the friction defendants arose in Indiana.

*Plaintiff Is Not Within the "Citizen of This State" Exception*

Relying on the language in section 361: "[E]xcept in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued," Max Cossman argues that he is exempted from the reach of section 361 if the Cossmans were citizens of California at any time in the past. He argues that the offer of proof that they lived in California during World War II raised an issue of fact regarding domicile that could not be determined on a motion for nonsuit. This argument is based on an interpretation of the language of section 361 as applying to anyone who ever lived in California. Plaintiff cites no authority for this sweeping statement.

Our Supreme Court, in *Biewend, supra,* 17 Cal.2d 108, considered section 361 and read the statute as having two parts to a single clause, requiring both citizenship and holding of the cause of action to exist at the time of accrual. The court concluded: "Since the plaintiff has not been a citizen of this state from the time the cause of action accrued, [section 361] has the effect of applying the Missouri statute of limitations . . . ." (*Biewend,* at p. 114.)

The Ninth Circuit Court of Appeals recognized this interpretation last year in *Flowers v. Carville* (9th Cir. 2002) 310 F.3d 1118 (*Flowers*). That court stated that the language "has been a citizen" in statutes like section 361 supports the construction that "these statutes have been interpreted to require that the plaintiff be a citizen at the time his claim accrued." (*Flowers, supra,* at p. 1124 [stating omission of "has been" indicates an intent to require citizenship at the time of filing the complaint].) We have located no case that extends the citizenship exemption to anyone who has ever lived in California. The Cossmans did not live in California at the time of accrual. Therefore, the citizenship exception to section 361 does not apply.

*Indiana Law Bars the Action*

The Indiana statute of limitations and repose provides that any product liability action based on negligence or strict liability must be commenced: "(1) within two (2) years after the cause of action accrues; or [¶] (2) within

ten (10) years after the delivery of the product to the initial user or consumer. [¶] However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues."[8] (Ind. Code § 34-20-3-1.) The Cossmans failed to meet the statutory deadline.

Plaintiff argues that Indiana's 10-year statute of repose does not apply to latent diseases caused by asbestos, citing *Covalt v. Carey Canada, Inc.* (Ind. 1989) 543 N.E.2d 382, 385 (*Covalt*).[9] Plaintiff also challenges the constitutionality of the statute of repose as applied to this case. We do not reach these issues because the application or validity of the 10-year statute of repose is not dispositive here.

Cossman's action is barred by the two-year statute of limitations. It is undisputed that Bette Cossman was diagnosed with mesothelioma in 1994 and told that it was caused by exposure to asbestos. This action was not filed until April of 2000. In *Barnes v. A. H. Robins Co.* (Ind. 1985) 476 N.E.2d 84, the Indiana Supreme Court considered the two-year statute of limitations in the context of injuries caused by protracted exposure to a defendant's product, and stated: "[A] discovery type rule should be applied, and the statute of limitations in such causes commences to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." (*Id.* at pp. 87-88.)

Plaintiff argues that discovery was not proven, referring to deposition testimony of Bette Cossman in which she stated that doctors "couldn't figure out where" she had contracted the disease. In the same portion of her deposition, she testified that doctors told her that they thought the disease was caused by asbestos and asked questions about the Cossmans' work histories. Mrs. Cossman testified that she did not consult an attorney earlier because she did not know "that I could take this case to an attorney." Plaintiff argues that this testimony is an insufficient evidentiary basis for a

---

[8]As explained in *Giest, supra,* 83 Cal.App.4th at page 305, a statute of repose begins when a specific event occurs, regardless of whether the cause of action has accrued. It cuts off a right of action even if the plaintiff lacks notice of the claim.

[9]*Covalt, supra,* 543 N.E.2d 382, which involved exposure to raw asbestos, was overruled in part and limited to its facts by the Indiana Supreme Court. (*AlliedSignal, Inc. v. Ott* (Ind. 2003) 785 N.E.2d 1068 [also holding that special statutory exception from 10-year statute of repose applies only to defendants that both mined and sold commercial asbestos]; see also *Jurich v. Garlock, Inc.* (Ind. 2003) 785 N.E.2d 1093.) The court in *AlliedSignal* also held that the statute of repose does not violate the state Constitution except in a circumstance not relevant here.

finding that the Cossmans knew or should have discovered that the injury was caused by the product of another.

The discovery standard is not a subjective one. (*Doe v. United Methodist Church* (Ind.Ct.App. 1996) 673 N.E.2d 839, 842-844 [failure to understand legal rights or total extent of damages does not toll limitations period].) Although a mere suspicion would not trigger the running of the limitations period, it "will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury. [Citations.] In this latter case, a reasonable individual, exercising ordinary diligence, would pursue the lead and procure 'additional medical or legal advice needed to resolve any remaining uncertainty or confusion regarding the cause of his or her injuries.' [Citation.] The Indiana courts have cautioned that ' "events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility" that another's product caused his or her injuries.' [Citations.]" (*Nelson v. Sandoz Pharmaceuticals Corp.* (7th Cir. 2002) 288 F.3d 954, 966-967; see also *McDowell v. Johns-Manville Sales Corp.* (S.D.Ind. 1987) 662 F.Supp. 934, 935-936 [cause of action accrued on diagnosis of asbestos-related disease].)

The Cossmans' cause of action accrued in 1994 when doctors told both Mr. and Mrs. Cossman that she suffered from mesothelioma that was likely caused by exposure to asbestos. The complaint was filed five or six years after that date. It is barred by the Indiana statute of limitations.

*The Loss of Consortium Claim Is Also Barred*

The parties have argued as though all of Cossman's claims stand or fall under the same analysis. Neither the briefs of the parties nor the decision of the trial court made any specific reference to Max Cossman's cause of action for loss of consortium. On appeal, defendants argue that a loss of consortium claim is derivative and falls with the injured spouse's claim, citing *Durham ex rel. Estate of Wade v. U-Haul* (Ind. 2001) 745 N.E.2d 755, 764.

Regardless of the appropriate classification of a loss of consortium claim, the parties have apparently agreed that the same statute of limitations governs both claims. Plaintiff has not argued that any separate and longer limitations period would apply to Mr. Cossman's claim. (See, e.g., *Barton-Malow Co., Inc. v. Wilburn* (Ind.Ct.App. 1989) 547 N.E.2d 1123, approved in part in *Barton-Malow Co., Inc. v. Wilburn* (Ind. 1990) 556 N.E.2d 324 [two-year statute for loss of consortium claim begins to run on date of spouse's injury].) We therefore determine that Mr. Cossman's loss of consortium claim is also barred.

## CONCLUSION

The judgment is affirmed.

Stein, J., and Margulies, J., concurred.

On April 30, 2003, the opinion was modified to read as printed above.