**Ruth G. BRIGGS, Personal Representative of the Estate of Thomas H. Briggs, and Ruth G. Briggs, in Her Own Right, Appellant–Plaintiff,**

**v.**

**GRIFFIN WHEEL CORPORATION and Railroad Friction Products, Appellees–Defendants.**

**No. 49A02–0508–CV–724.**

Court of Appeals of Indiana.

Aug. 10, 2006.

Robert E. Paul, Paul, Reich & Myers, P.C., Philadelphia, PA, Attorney for Appellant.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, Attorney for Appellee Griffin Wheel Corporation.

Karl L. Mulvaney, Nana Quay–Smith, Dennis F. Cantrell, Denise W. Chavis, Bingham McHale LLP, Indianapolis, IN, Attorneys for Appellee Railroad Friction Products.

## OPINION

KIRSCH, Chief Judge.

Ruth G. Briggs appeals the granting of summary judgment in favor of Griffin Wheel Corporation ("Griffin Wheel") and Railroad Friction Products ("RFP"), (collectively, the "defendants"). Briggs raises several issues on appeal, one of which we find dispositive: whether the trial court erred in granting summary judgment to the defendants based upon the statute of repose.[1]

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 3, 2000, Briggs filed claims of wrongful death and loss of consortium against seventy-one defendants, including Griffin Wheel and RFP, alleging that her husband, Thomas H. Briggs, contracted lung cancer and died as a result of his exposure to various asbestos-containing products manufactured and sold by the defendants. Briggs alleged that Thomas was exposed to asbestos-containing brake shoes at one of his places of employment. Thomas retired in 1982.

In the fall of 2004, the defendants filed motions for summary judgment, arguing that they were entitled to summary judgment on various grounds, including the

statute of repose, the lack of product identification, the lack of proximate causation, and federal preemption. The trial court held a hearing on the motions for summary judgment on June 13, 2005. On July 8, 2005, the trial court granted summary judgment to the defendants, finding that Briggs's claims were time-barred by the statute of repose and that she failed to adequately establish product identification. Briggs now appeals.

## DISCUSSION AND DECISION

On appeal, we apply the same standard of review as the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jurich v. John Crane, Inc.*, 824 N.E.2d 777, 780 (Ind.Ct.App.2005). All facts and reasonable inferences drawn from those facts, as contained in the materials designated to the trial court, must be construed in favor of the non-moving party. *Id.* We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied his or her day in court. *Id.* When a moving party asserts as an affirmative defense that an action is time-barred, and establishes that the action was commenced beyond the statutory period, the burden shifts to the nonmovant to establish an issue of fact material to a theory that avoids the defense. *Id.*

IC 34–20–3–1 provides a statute of repose for products liability actions of no more than ten years after the delivery of the product to the initial user.[2] Since

---

**1.** *See* IC 34–20–3–1.

**2.** IC 34–20–3–1 states, in relevant part:

(b) Except as provided in section 2 of this chapter, a product liability action must be commenced:

(1) within two (2) years after the cause of action accrues; or
(2) within ten (10) years after the delivery of the product to the initial user or consumer.
However, if the cause of action accrues at least eight (8) years but less than ten (10)

Briggs is alleging that Thomas was exposed to the asbestos contained in brake shoes found at his place of employment, and he retired in 1982, it is apparent that Briggs filed her lawsuit against the defendants more than ten years after any possible delivery of an asbestos-containing product.

However, Briggs argues that the trial court erred in granting summary judgment to the defendants based on the statute of repose because they distributed asbestos-containing products manufactured by companies that are now bankrupt and are, therefore, outside of this court's jurisdiction. As such, the defendants should be required to stand in the place of those bankrupt companies under IC 34–20–2–4, which provides:

> If a court is unable to hold jurisdiction over a particular manufacturer of a product or part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for the purposes of this chapter, the manufacturer of the product.

Briggs makes this argument in an attempt to have the "miners and sellers of commercial asbestos" exception to the ten-year statute of repose for products liability claims apply to her claims. See IC 34–20–3–2.[3] If Briggs were to be successful in this regard, then her claims, which were filed more than ten years after the possible delivery of asbestos to Thomas, would be able to proceed on its merits.

■■■ When reviewing a statute, we give effect and meaning to every word. *AlliedSignal, Inc. v. Ott,* 785 N.E.2d 1068, 1071 (Ind.2003). The court's primary goal when construing the meaning of a statute is to determine the Indiana General Assembly's intent. *Id.* An unambiguous statute is interpreted to mean what it plainly states, and its plain and obvious meaning may not be enlarged or restricted. *Id.* at 1072.

■■ After reviewing the relevant statutes, we cannot see how, even if we did consider the defendants to be "manufacturers" under IC 34–20–2–4, Briggs's claims could be considered timely under IC 34–20–3–2. First, IC 34–20–2–4 plainly states that a "principal distributor or seller" may be considered to be a "manufac-

years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

**3.** IC 34–20–3–2 provides, in relevant part:
(a) A product liability action that is based on:
  (1) property damage resulting from asbestos; or
  (2) personal injury, disability, disease, or death resulting from exposure to asbestos; must be commenced within two (2) years after the cause of action accrues. The subsequent development of an additional asbestos related disease or injury is a new injury and is a separate cause of action.
(b) A product liability action for personal injury, disability, disease, or death resulting from exposure to asbestos accrues on the date when the injured person knows that the person has an asbestos related disease or injury.

(c) A product liability action for property damage accrues on the date when the injured person knows that the property damage has resulted from asbestos.
(d) This section applies only to product liability actions against:
  (1) persons who mined and sold commercial asbestos; and
  (2) funds that have, as a result of bankruptcy proceedings or to avoid bankruptcy proceedings, been created for the payment of asbestos related disease claims or asbestos related property damage claims.
. . . .
(f) Except for the cause of action expressly recognized in this section, this section does not otherwise modify the limitation of action or repose period contained in section 1 of this chapter.

turer" for purposes of IC 34–20–2 only. It would thus have no effect on the statutes of limitations and repose found in IC 34–20–3.

Second, the Supreme Court has narrowly interpreted the scope of the asbestos exception to the statute of repose, stating:

> the language used by the Legislature represents its conscious intent to subject to [IC 34–20–3–2] only those persons who produce raw asbestos—"persons who mine[ ] and s[ell] commercial asbestos"—and leave those who sell asbestos-containing products within the ambit of [IC 34–20–3–1].

*Ott*, 785 N.E.2d at 1073.

Given the specific language used by our Legislature, and the interpretation of that language by our Supreme Court, we do not believe that construing a principal distributor or seller of asbestos-containing products as a manufacturer would in turn expose it to the miner and seller exception. It would be illogical for us to consider a manufacturer to be a miner and seller of commercial asbestos, especially in light of our Supreme Court's clear interpretation of IC 34–20–3–2. *See Ott*, 785 N.E.2d at 1072–73. Even as manufacturers of asbestos-containing products, Griffin Wheel and RFP would be subject to the statute of repose of IC 34–20–3–1. Briggs's claims were properly time-barred by the trial court.

Briggs also argues that RFP was partially owned by Johns–Manville Corporation, a New York corporation, and as such, RFP should be considered to *be* Johns–Manville for purposes of this lawsuit. *Appellant's Br.* at 6. For this proposition, Briggs cites IC 34–6–2–77, which provides, in relevant part:

> (a) "Manufacturer", for purposes of IC 34–20, means a person or an entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product before the sale of the product to a user or consumer. "Manufacturer" includes a seller who:
>
> . . . .
>
> (4) is owned in whole or significant part by the manufacturer. . . .

However, as discussed above, even if this court were to consider RFP to be a "manufacturer" of the asbestos-containing brake shoes of Johns–Manville, that would not also make RFP a "miner and seller of commercial asbestos" under IC 34–20–3–2. Neither does IC 34–6–2–77 turn RFP into Johns–Manville for all purposes; it merely allows for a "seller" to be considered a "manufacturer" under IC 34–20.

The trial court did not err in granting summary judgment to Griffin Wheel and RFP because Briggs failed to establish an issue of fact material to a theory that avoids the defense of the statute of repose.

Affirmed.

BAILEY, J., and CRONE, J., concur.