## THE STATE *v.* SLENTZ.

[No. 3,568.     Filed November 12, 1901.]

INTOXICATING LIQUORS. — *Saloon.— Obstructing View of Interior.—* Under §7283d Burns 1901, the offense of obstructing the view of the interior of a saloon consists in obstructing the view into a room located and arranged as the statute requires, not in obstructing the view into any kind of a room where liquors might be kept and sold. *pp. 559, 560.*

State *v.* Slentz.

INTOXICATING LIQUORS.—*Obstructing View of Saloon's Interior.*—*Affidavit.*—In charging the offense of obstructing the view of the interior of a saloon on Sunday, time is the essence of the offense, and an affidavit charging that screens were maintained "on or about the 2nd day of November  *  *  *  the said day being Sunday," is bad for uncertainty.  *p. 560.*

From Blackford Circuit Court; *E. C. Vaughn,* Judge.

An affidavit charging Noah Slentz with obstructing the view of the interior of his saloon on Sunday was quashed. State appeals. *Affirmed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *A. M. Waltz,* for State.

*J. A. Hindman* and *M. Powell,* for appellee.

ROBINSON, J.—Error is assigned upon sustaining a motion to quash the following affidavit (omitting the formal parts) : "Lizzie Wilson, being duly sworn, on her oath says, that one Noah Slentz, late of Blackford county, on or about the 25th day of March, 1900, in said county of Blackford and State of Indiana, being then and there the owner and proprietor of a retail saloon, or room where intoxicating liquor was then and there sold by virtue of a license issued under the laws of the State of Indiana, for the sale of spirituous, vinous, malt and other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, did then and there unlawfully permit, erect, and maintain blinds and screens at the windows and doors of said room so as to obstruct and prevent the entire view of said room from the street or highway upon which the same is situated during the day aforesaid, said day being the first day of the week commonly called Sunday, a day when the sale of the liquors aforesaid was prohibited by law."

The statute, §7283d Burns 1901, provides that "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana, for the sale of spirituous, vinous, malt or other intoxicating liquors

in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor or basement of the building where the same are sold, and in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens, or obstructions to the view shall be arranged, erected or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law. Upon conviction," etc.

Under this statute it would be an offense to sell intoxicating liquor in a room not situated upon the ground floor or basement of the building; or in a room not fronting the street or highway on which the building is situated; or in a room not so arranged with window or glass door as the statute prescribes; or to maintain screens or obstructions so as to prevent the entire view of *such* room from the street or highway upon which the same is situated during the days and hours when sales are prohibited.

This statute requires that the room in which liquors are sold shall be in a particular part of the building and arranged in a certain specified way. To obstruct the view at certain times into such a room so situated and arranged is an offense. The offense consists in obstructing the view into a room located and arranged as the law requires, not in obstructing the view into any kind of a room where liquors might be kept and sold. Sales can be lawfully made only in such a room as the law designates. Obstructing the view at certain times into such a room constitutes the offense. The affidavit does not show that the room, the view into which is averred to have been obstructed, was such, in location and arrangement, as the statute designates. It is not averred, except by way of recital, that the room is situated upon a

street or public highway; it is not averred that the room fronts upon any street or highway, or that the room had such a door or window as the statute requires fronting the street from which the view is charged to have been obstructed. See, *Nelson* v. *State,* 17 Ind. App. 403.

The affidavit is bad for another reason. The offense attempted to be charged was the doing of a certain act on Sunday. To maintain screens becomes criminal only when done at a particular time. As time is essential it must be averred with certainty. The charge is that the screens were maintained "on or about the 25th day of March, 1900 * * * said day being the first day of the week, commonly called Sunday." In *Effinger* v. *State,* 47 Ind. 235, in a prosecution for selling liquor on Sunday, the affidavit alleged that the sale was made "on or about the 2nd day of November 1873 * * * the said day being Sunday"; the affidavit was held bad because the time, which was an essential ingredient of the offense, was not stated with sufficient accuracy. See, *Roy* v. *State,* 91 Ind. 417.

The appeal is not sustained.