Donald S. BRUCE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 33A04–0008–CR–346.

Court of Appeals of Indiana.

May 21, 2001.

Transfer Denied August 9, 2001.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Donald S. Bruce appeals his convictions for attempted aggravated battery, a Class B felony, criminal confinement while armed with a deadly weapon, a Class B felony, and battery resulting in bodily injury, a Class A misdemeanor. We affirm in part, reverse in part, and remand.

### Issue

The sole restated issue before us is whether double jeopardy principles prohibit Bruce's conviction and sentencing for attempted aggravated battery, criminal confinement, and battery.

### Facts

The facts most favorable to the State reveal that on December 21, 1999, Bruce's ex-wife, Rose, was at home spending an evening with her new boyfriend, Michael Beckman. Shortly after Rose and Beck-man retired to the bedroom around midnight, they heard banging and yelling at the front door. Rose looked through a peephole and saw Bruce standing outside. After Rose yelled at Bruce and told him to leave, he fired several shots through the door. One of these bullets struck Rose in the left wrist. She asked Beckman to call 911, but instead he left the house through a bedroom window. While Rose was on the phone to 911, Bruce fired several more shots into the door. He then entered the house through a broken kitchen window, brandishing his pistol. He grabbed Rose and began pistol-whipping her in the head. A fight ensued during which Rose temporarily gained control of the gun and hit Bruce in the head with it, but Bruce eventually choked Rose until she lost consciousness. She awoke sometime later to find Bruce was rocking her on a couch, and he then released her to police waiting outside.

The State charged Bruce with attempted murder, criminal confinement with a deadly weapon, and battery resulting in bodily injury. The jury was instructed on the elements of attempted aggravated battery as a lesser-included offense of attempted murder and it found him guilty of that offense, as well as of confinement and battery as charged. Bruce was sentenced to concurrent terms of twelve years for attempted aggravated battery, ten years for confinement, and one year for battery. This appeal ensued.

### Analysis

Bruce essentially argues that the events of December 21–22, 1999, constituted one continuous episode of confinement that began when he fired his handgun into Rose's front door and that the Indiana Constitution's Double Jeopardy Clause requires that his confinement conviction be vacated. "[T]wo or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution if,

with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999) (emphasis in original). Bruce's argument is premised solely upon the "actual evidence" portion of the *Richardson* test.

Under this inquiry, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Id.* at 53. This possibility must be reasonable, not speculative or remote. *Griffin v. State,* 717 N.E.2d 73, 89 (Ind.1999). An identification of the evidentiary facts used by the jury in reaching its decision may be informed by consideration of the final jury instructions and argument of counsel. *McIntire v. State,* 717 N.E.2d 96, 100 (Ind. 1999). The "reasonable possibility" standard permits convictions of multiple offenses committed as part of a protracted criminal episode provided the case is prosecuted in a manner that insures the same evidence is not used to support multiple verdicts. *Curry v. State,* 740 N.E.2d 162, 166 (Ind.Ct.App.2000), *trans. denied.* Our first task in this analysis is to determine whether there was actual evidence presented at trial that the trier of fact could have used to independently establish the essential elements of the separate offenses. If there was no such evidence presented, then the inquiry is over and the Indiana Double Jeopardy Clause has been violated.

*Smith v. State,* 717 N.E.2d 1277, 1281 (Ind. Ct.App.1999), *trans. denied.* If any independent evidence was presented at trial, we then proceed to determine which of the evidentiary facts the trier of fact used in reaching its decision. *Id.*

■ We cannot conclude there was a reasonable possibility that the jury used the same evidentiary facts to convict Bruce of both attempted aggravated battery and criminal confinement with a deadly weapon. There were clearly separate and distinct facts to independently support each conviction. All of the facts necessary to convict Bruce of attempted aggravated battery relate to his shooting of the door before he ever entered the house. All of the facts necessary to convict him of confinement with a deadly weapon occurred after the shooting occurred, when Bruce entered the house brandishing the handgun and restricted Rose's movement within the house.

We now turn to whether the jury reasonably may have convicted Bruce of attempted aggravated battery and confinement by using the same evidentiary facts, regardless of whether we believe there were separate and distinct facts sufficient to support each conviction. *See Smith,* 717 N.E.2d at 1281. We believe this is an instance where there were multiple offenses committed as part of a protracted criminal episode, yet the case was prosecuted, and even defended, in such a manner so that the jury could not have reasonably used the same evidence to convict Bruce of both attempted aggravated battery and confinement. First, the final instructions portray the shooting and confinement as two separate incidents. Tracking the language of the information, the jury was told the State had to have proved that Bruce "confined Rose M. Bruce without her consent." Record p. 266. No mention is made of Beckman,

who was in the residence when the shooting occurred but left before Bruce entered. Clearly, Beckman was not "confined" by Bruce's firing of shots into the door, and the State made no such allegation; this indicates the jury was never instructed they might consider the shooting as the beginning of the confinement. The confinement instruction and information also made no mention of the shooting but merely alleged Bruce had been "armed" with a deadly weapon without alleging that he had used it. We also observe that if the State had wanted the jury to consider the shooting as the beginning of the confinement, it could have alleged there was a confinement resulting in serious bodily injury,[1] based on the gunshot wound Rose sustained from one of the shots through the door.

We also look to argument of counsel in determining the "actual evidence" used to convict. Here, the prosecutor's closing argument regarding the confinement charge included in part:

> The term confinement is defined by law as meaning to substantially interfere with the liberty of a person. Now, I don't know about you folks, but I submit to you that if somebody comes in my house with a, with a firearm, loaded or otherwise, and they tell me, get over here, and I walk three or four steps toward them, I think that is substantially interfering with my liberty.... Carrying that firearm into her house through the broken window, telling her to get over here.... He then called her names.... At some point I believe Rose testified that he still has the firearm, still has a hold of one of her arms.

Record pp. 995–96. There was no mention at any time during the prosecutor's discussion regarding confinement that it began

with the shooting or that the shooting played any role in it.

Defense counsel also emphasized the separateness of the confinement and attempted aggravated battery counts. During closing argument, defense counsel conceded that his client had committed confinement with a deadly weapon and battery. The entire focus of his argument was on whether Bruce had the requisite mens rea to be convicted of attempted murder, attempted voluntary manslaughter, or attempted aggravated battery for his shooting of the door while Rose stood on the other side of it. Thus, defense counsel's own argument presented the shooting as a completely separate event from the subsequent confinement and battery of Rose. We find no reasonable possibility that the jury convicted Bruce of attempted aggravated battery and criminal confinement with a deadly weapon using the same facts and we affirm those convictions.

■■■■ Bruce also claims there was a reasonable possibility the jury used the same evidentiary facts to convict him of confinement with a deadly weapon and battery resulting in bodily injury. The State fails to make an argument on this point. This is akin to failure to file brief on this issue, and Bruce is entitled to reversal upon a showing of prima facie error, or error that is evident at first sight, on first appearance, or on the face of it. *See Campbell v. State,* 732 N.E.2d 197, 208 n. 7 (Ind.Ct.App.2000). Bruce has met that burden here.

■■■■ Crimes such as kidnapping and confinement are defined under the continuing crime doctrine. *Bartlett v. State,* 711 N.E.2d 497, 500 (Ind.1999). Under this doctrine, the span of the confinement is determined by the length of time of the

---

1. Ind. Code § 35–42–3–3.

unlawful detention necessary to perpetrate the crime. *Id.* It begins when the unlawful detention is initiated and ends only when the victim both feels, and is in fact, free from detention. *Id.* The State charged that the bodily injuries Rose sustained were lacerations to her head, evidently from being struck with the pistol. It is apparent that these injuries were sustained during the course of the confinement, beginning with Bruce entering the house and not ending until he allowed Rose to leave the residence to seek medical treatment sometime later. Thus, in the absence of any argument by the State to the contrary, we conclude there is a reasonable possibility that the jury may have considered evidence of the battery using the pistol as part of the manner in which Bruce gained control over Rose and thus confined her by use of a deadly weapon. Pursuant to *Richardson*, we reverse the conviction with the less severe penal consequences, i.e. the battery conviction, and leave standing the more serious criminal confinement with a deadly weapon conviction. *See id.* at 55.

Finally, Bruce presents a corollary argument that it violates the Sixth and Fourteenth Amendments to the United States Constitution for appellate courts to determine whether there was a "reasonable possibility" that the jury used the same evidence to convict a defendant of two different crimes.[2] Instead, Bruce essentially seems to argue the jury in the present case should have been required to return a special verdict indicating whether they considered the attempted aggravated battery, confinement, and battery to be three separate incidents and whether they used the same evidence to convict Bruce of all of those crimes. Otherwise, Bruce claims, his right to have a jury unanimously agree on all essential elements of a crime is violated.

■ We agree with Bruce that when a state provides rights not required by federal law, those rights are still subject to the protections of federal due process. *Evitts v. Lucey*, 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821 (1985). However, to the extent Bruce seems to assert that a unanimous jury verdict is required by federal due process doctrine, and that our review of the "actual evidence" used to convict him violates that right, that assertion is erroneous. "[The Supreme] Court has never held jury unanimity to be a requisite of due process of law. Indeed, the Court has more than once expressly said that '(i)n criminal cases due process of law is not denied by a state law ... which dispenses with the necessity of a jury of twelve, or unanimity in the verdict.' " *Johnson v. Louisiana*, 406 U.S. 356, 359, 92 S.Ct. 1620, 1623, 32 L.Ed.2d 152 (1972) (citations omitted).[3] Additionally, we are not directing a verdict of guilty in this case where no proper jury verdict of guilty was entered, which would be forbidden by *Sullivan v. Louisiana*, 508 U.S. 275, 277, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993). The jury has already found Bruce guilty of three charges, in a trial that for all appearances was conducted in accordance with the federal and state constitutions, and we are only being asked to affirm or reverse the convictions based on those findings.

We believe our supreme court, as the final arbiter of Indiana law, had broad

---

2. Bruce makes no argument on this point under the Indiana Constitution.

3. Unanimity as to the elements of a crime is required of *federal* juries, although as a general proposition they are not required to unanimously agree as to the particular means used to commit an element of a crime. *Richardson v. United States*, 526 U.S. 813, 817, 119 S.Ct. 1707, 1710, 143 L.Ed.2d 985 (1999).

authority to determine that appellate review of the "actual evidence" used to convict is sufficient to ensure a defendant is protected by our state constitution's double jeopardy clause and we see no indication of any conflict with federal law. We also observe that we are being asked to declare that *Richardson* is unconstitutional in the manner it prescribes for enforcing Indiana's unique double jeopardy protections; we are reluctant to declare that our supreme court has set forth an unconstitutional rule of law. Furthermore, we must note the irony in being asked to declare a portion of *Richardson* unconstitutional, a case that expanded defendants' double jeopardy protections and has resulted in a number of reversals that could not previously have been obtained under federal double jeopardy analysis.

### Conclusion

We find no reasonable possibility the jury used the same evidentiary facts to convict Bruce of both attempted aggravated battery and criminal confinement while armed with a deadly weapon, but that the jury may have considered the same facts in convicting him of confinement and battery resulting in bodily injury. We affirm the attempted aggravated battery and confinement convictions, and reverse and remand to the trial court with instructions to vacate the battery conviction. Finally, we reject Bruce's claim that our supreme court's procedure for evaluating state double jeopardy claims violates the federal constitution.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and NAJAM, J., concur.