Kimberly THOMAS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1002–CR–105.

Court of Appeals of Indiana.

Nov. 8, 2010.

Suzy St. John, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Kimberly Thomas appeals her conviction for invasion of privacy as a class A misdemeanor.[1] Thomas raises two issues, which we restate as whether the evidence is sufficient to sustain her conviction. We reverse and remand with instructions.

The relevant facts follow. On October 28, 2009, the trial court issued an Ex Parte Order for Protection under cause number 49G21–0910–PO–49582 ("Cause No. 582") which provided in part that Thomas was "prohibited from harassing, annoying, telephoning, contacting or directly or indirectly communicating with [James Smith]." State's Exhibit 1 at 3. The order also provided that it expired October 28, 2010. The case was then set for hearing.

On November 16, 2009, a hearing was held in the Marion County Superior Court, and Thomas and Smith were present at the hearing. At the end of the hearing and in the court's presence, Thomas looked at Smith and stated: "Stop calling me, fagot [sic]." Transcript at 10, 12, 16, 24. Thomas was then immediately arrested in court.

The State then filed an information charging Thomas with invasion of privacy as a class A misdemeanor under cause number 49G21–0911–CM–95282 ("Cause No. 282"), the cause of action from which this appeal arises.[2] After the presentation

1. Ind.Code § 35–46–1–15.1 (2008) (subsequently amended by Pub.L. No. 94–2010, § 12 (eff. July 1,2010)).

2. The information alleged that Thomas violated the order for protection by "HAVING VERBAL COMMUNICATIONS WITH

of evidence and arguments at a bench trial on January 7, 2010, the court found that Thomas "had knowledge of the order for protection and nevertheless violated it" and found Thomas guilty of invasion of privacy as a class A misdemeanor. *Id.* at 34. Thomas was sentenced to 365 days with 305 days suspended.

The sole issue is whether the evidence is sufficient to sustain Thomas's conviction for invasion of privacy as a class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

The offense of invasion of privacy is governed by Ind.Code § 35–46–1–15.1, which provides: "A person who knowingly or intentionally violates: (1) a protective order to prevent domestic or family violence issued under IC 34–26–5 [or] (2) an ex parte protective order issued under IC 34–26–5 . . . commits invasion of privacy, a Class A misdemeanor." "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35–41–2–2(b).

Thomas argues that "the evidence is not sufficient to show [she] acted with the *mens rea* to commit invasion of privacy because the courtroom is a neutral zone where some terms of the protective order are naturally suspended for the purposes of conducting judicial proceedings." Appellant's Brief at 9. Thomas further argues that her "statement to Smith on November 16 was made in extremely poor taste and constituted 'gross violation[ ] of decency and decorum' to warrant holding her in direct contempt of court" but that "[n]evertheless, *mens rea* to commit invasion of privacy cannot be automatically inferred from Thomas's behavior since other types of activities, which would normally give rise to a violation of the protective order, were permissible in the courtroom that morning." *Id.* at 13 (citations omitted). The State argues that "[t]he protective order itself provided no exceptions in which [Thomas] could lawfully communication [sic] with Smith" and that Thomas "would have had no reason to believe, after a further order of protection was issued, that she could then directly speak to Smith in court or otherwise." Appellee's Brief at 8–9.

A court may grant a petition for an order for protection which prohibits a respondent from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with a petitioner. *See* Ind.Code § 34–26–5–9 (Supp.2009) (subsequently amended by Pub.L. No. 1–2010, § 135 (eff. March 12, 2010)). In addition, a person may be convicted under Ind.Code § 35–46–1–15.1 of the offense of invasion of privacy for knowingly or intentionally violating a protective order or an ex parte protective order. However, we believe that in the context of this case, there is a more appropriate mechanism to address Thomas's statement to Smith in the court-

[SMITH] and/or BEING IN THE PRESENCE OF [SMITH]." Appellant's Appendix at 12.

room. Indiana courts have inherent power to punish summarily acts of direct contempt without formal charges or an evidentiary hearing. *See* Ind.Code § 34–47–2–1; *Warr v. State,* 877 N.E.2d 817, 824 (Ind.Ct.App.2007), *trans. denied; Davidson v. State,* 836 N.E.2d 1018, 1020 (Ind. Ct.App.2005). "The purpose of this power is to enable the court to protect itself against gross violations of decency and decorum." *Davidson,* 836 N.E.2d at 1020 (citations and internal quotation marks omitted). Direct contempt includes those actions occurring in or near the court, interfering with the business of the court, of which the judge has personal knowledge. *Id.*

Under the circumstances set forth in the record, the institution of direct contempt proceedings was the more appropriate action in response to Thomas's statement to Smith in the courtroom. We reverse and remand with instructions to vacate Thomas's conviction for invasion of privacy as a class A misdemeanor and, at the trial court's option, to resume direct contempt proceedings[3] to address Thomas's comment to Smith at the November 16, 2009 hearing.[4]

Reversed and remanded with instructions.

DARDEN, J., concurs.

BRADFORD, J., dissents with opinion.

BRADFORD, Judge, dissenting.

I respectfully dissent. Thomas violated a protective order when she told Smith to stop calling her and called him a "fagot"

[sic] while they were in court. Tr. 7, 10, 16. The State charged Thomas with invasion of privacy for the violation, and the trial court convicted her in a bench trial. The majority reverses Thomas's conviction after concluding that the institution of direct contempt proceedings was a more appropriate action. Although I agree that direct contempt proceedings would have been the more efficient and preferred remedy, I find nothing in the statute that precluded the State from choosing to file the invasion of privacy charges. Specifically, Indiana Code section 35–46–1–15.1 provides in relevant part that a person who violates a protective order commits invasion of privacy. The court's primary goal when construing the meaning of a statute is to determine the Indiana General Assembly's intent. *Briggs v. Griffin Wheel Corporation,* 851 N.E.2d 1261, 1263 (2006). An unambiguous statute is interpreted to mean what it plainly states, and its plain and obvious meaning may not be enlarged or restricted. *Id.* Here, the statute plainly states that a person who violates a protective order commits invasion of privacy. I find no error and would therefore affirm Thomas's conviction for invasion of privacy.

3. The CCS in Cause No. 582 reflects the trial court set a contempt hearing but contempt proceedings were later "stayed pending prosecutor's action[.]" State's Exhibit 2 at 7.

4. Thomas also argues that the trial court erred in admitting into evidence the CCS for the proceedings under Cause No. 582 at the

November 16, 2009 hearing because the admission violated the Confrontation Clause and that the error was not harmless. We need not address Thomas's Confrontation Clause arguments because we remand with instructions to vacate the invasion of privacy conviction on another basis.