## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 12 2016, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Armando Gonzalez, Jr., *Appellant-Defendant,* | January 12, 2016 |
| v. | Court of Appeals Case No. 20A03-1504-CR-133 |
| | Appeal from the Elkhart Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Terry C. Shewmaker, Judge |
| | Trial Court Cause No. 20C01-1311-FB-131 |

**May, Judge.**

[1] Armando Gonzalez appeals the consecutive sentences imposed for the crimes of which he was convicted. However, the State presents an issue on cross-appeal which we find dispositive: Whether the trial court erred when it reduced Gonzalez's convictions of robbery and criminal confinement from Class B felonies to Class C felonies.

[2] We remand for resentencing consistent with this opinion.

## Facts and Procedural History

[3] On the evening of November 3, 2013, Gonzalez, Antoine McDuffie, Davon Crenshaw, and Montrail Williams were drinking and smoking marijuana at Gonzalez's apartment. During the evening, the group passed around and examined three firearms, one of which was a revolver with a red laser attachment. Later in the evening, Gonzales told the group he needed money and had a potential burglary target. The group had a conversation about which of three houses they intended to burglarize.

[4] The following day, Gonzales woke up the group and they headed to the chosen victims' house. At around 4:45 a.m., Cynthia Contreras saw an intruder walking through her home towards her bedroom. The intruder put a gun to Contreras' head. She could not identify the intruder because he had a mask covering his face. Contreras' daughter, Brenda Fernandez, woke up seeing a second intruder with a gun to her own head. Fernandez thought she heard the voice of someone she knew as "Junior," which is Gonzalez's nickname. (Tr. at 173.) The intruders demanded "gold and dope" from Contreras and

Fernandez. (*Id*. at 96.) The women told the intruders there was no gold or dope in the house, however one of the men began searching the bedroom.

[5] Soon thereafter, in another room of Contreras' house, the intruders encountered Thaly Silvestre, who was seven months pregnant. Silvestre awoke to an intruder pointing a gun with a red laser attachment at her head. A third masked intruder grabbed a nearby phone cord, wrapped Silvestre's hands and feet, and brought Silvestre to where Contreras and Fernandez were in the house.

[6] The first intruder, with the gun still on Contreras, demanded her purse, which was located in the adjoining living room. The first intruder walked Contreras to the adjoining living room and there Contreras saw the other two intruders; one was disconnecting her X-Box from her television. Contreras retrieved her purse and gave the first intruder $350.00 in cash from her purse. One of the intruders also stole a bottle of Vicodin from Contreras' dresser. The four intruders began to leave, telling the victims that they would return to kill them if they called the police.

[7] Contreras reported the incident to police. Gonzales' girlfriend allowed officers to enter their apartment where police discovered three guns, one of which had a red laser attachment; masks; gloves; a pill bottle, and an Xbox with a serial number matching Contreras' Xbox. The police arrested Gonzalez, who admitted to participation in the burglary of Contreras' house.

The State charged Gonzalez with five Class B felonies: robbery while armed with a deadly weapon,[1] burglary,[2] criminal confinement,[3] conspiracy to commit burglary,[4] and unlawful possession of a firearm by a serious violent felon.[5] A jury found Gonzalez guilty of the first four charges. In a second stage of the trial, the court found Gonzalez guilty of unlawful possession of a firearm by a serious violent felon.

On March 12, 2015, over the State's objection, the trial court reduced the robbery and criminal confinement convictions to Class C felonies because of double jeopardy concerns. It sentenced Gonzalez to eight years for each Class C felony and ordered the sentences served consecutively, for a total of sixteen years. The trial court then sentenced Gonzalez to fifteen years for each Class B felony to be served consecutively, for a total of forty-five years. Gonzalez's aggregate sentence was sixty-one years.

## Discussion and Decision

Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." We review *de novo* whether a defendant's convictions violate this provision. *Spears v. State*, 735 N.E.2d

---

[1] Ind. Code § 35-42-5-1 (2013).

[2] Ind. Code § 35-43-2-1(1) (2013).

[3] Ind. Code § 35-42-3-3(b)(2) (2013).

[4] Ind. Code § 35-43-2-1(1) (2013) (burglary); Ind. Code § 35-41-5-2 (2013).

[5] Ind. Code § 35-47-4-5(c) (2013).

1161, 1166 (Ind. 2000), *reh'g denied*. In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), our Indiana Supreme Court held convictions of two crimes violate the prohibition against double jeopardy if they can be considered the same offense; that is, if the statutory elements of the crimes charged or the actual evidence used to convict a defendant also establish all other essential elements of the other crime. *Id*. at 50-54.

[11]  The jury returned guilty verdicts for "Count I, Robbery While Armed With a Deadly Weapon, a Class B Felony; Count II, Burglary, a Class B Felony; Count III, Criminal Confinement, a Class B Felony; and Count IV, Conspiracy to Commit Burglary, a Class B Felony." (App. at 135.) In addition, Gonzalez was convicted of "Unlawful Possession of a Firearm, a Class B Felony pursuant to an agreed upon bench trial." (*Id*.) In its sentencing order, the trial court stated:

> Court indicates it is the Court's belief that there may be a potential *Richardson* issue in this case with respect to the enhancement of counts by the use of a deadly weapon. For that reason, the Court revises the Judgments of Conviction to reflect that Defendant is now convicted of Count I, Robbery, a Class C Felony; Count II, Burglary, a Class B Felony; Count III, Criminal Confinement, a Class C Felony; and Count IV, Conspiracy to Commit Burglary, a Class B Felony; and Count V, Unlawful Possession of a Firearm by a Serious Violent Offender, a Class B Felony.

(*Id*. at 136) (emphasis added). The trial court noted the State's objection to the revision of the robbery and criminal confinement counts based on an alleged

*Richardson* issue. We must determine whether Gonzalez's conviction of Class B felony unlawful possession of a firearm by a serious violent offender required the trial court to reduce Gonzalez's convictions of robbery and criminal confinement from Class B to Class C felonies.

[12] Under the "actual evidence" test, we must examine the evidence presented at trial to determine "whether each challenged offense was established by separate and distinct facts." *Bruce v. State*, 749 N.E.2d 587, 590 (Ind. Ct. App. 2001) (quoting *Richardson*, 717 N.E.2d at 53), *trans. denied*. To demonstrate two offenses are the same, there must be a reasonable possibility the facts used by the jury to establish the essential elements of one offense were also used to establish the essential elements of the second offense. *Id*. There must be more than a remote or speculative possibility that the same facts were used. *Id*. To determine what facts were used, we consider the evidence, charging information, final jury instructions, and arguments of counsel. *Id*.

[13] The police found three guns in Gonzalez's home, and the victims testified three of the intruders used guns. One of the intruders pointed a gun with a "metal flashlight on top," (Tr. at 91), at Contreras' head while she gave him money from her purse, accomplishing the crime of Class B felony robbery while armed with a deadly weapon.[6] Another intruder held a "gun that had a red laser on

---

[6] Based on the charging information, the State had to prove "ARMANDO GONZALEZ, JR., Montrail Williams, Matthew Allen, Antoine McDuffie, and Davon Crenshaw, and they and each of them, did, while armed with a deadly weapon, to wit: firearm, knowingly took property from another person, to wit: U.S. Currency from Cynthia Contreras, by putting any person in fear[.]" (App. at 14) (emphasis in original).

it," (*id.* at 235), to Silvestre's head and tied her hands and feet; thus accomplishing the crime of Class B felony criminal confinement.[7] Another intruder possessed a firearm while unhooking the Xbox from Contreras' television. Based on the evidence presented, the jury might not have relied on the same evidence to convict Gonzalez[8] of all three crimes because three different guns were used and the victims' testimony permitted an inference the guns were different. *Taylor v. State*, 929 N.E.2d 912, 922 (2010) (three simultaneous convictions of possession of a handgun by a serious violent felon did not violate Indiana's prohibition against double jeopardy because Taylor had three guns), *trans. denied*. Therefore, the trial court erred when it reduced Gonzalez's convictions of robbery and criminal confinement from Class B felonies to Class C felonies.[9]

## Conclusion

[14]     The trial court erred when it reduced Gonzalez's convictions for robbery and criminal confinement from Class B to Class C felonies based on double

---

[7] Based on the charging information, the State had to prove "ARMANDO GONZALEZ, JR., Montrail Williams, Matthew Allen, Antoine McDuffie, and Davon Crenshaw, and they and each of them, did, while armed with a deadly weapon, to wit: firearm, knowingly confine another person, to wit: one Thaly Silvestre, without out the consent of Thaly Silvestre." (App. at 14) (emphasis in original).

[8] Gonzalez, Crenshaw, and Williams were tried together and all were convicted under the accomplice liability theory.

[9] The charging information for the Class B burglary and Class B conspiracy to commit burglary charges did not include the requirement a firearm must have been used in the commission of the crime.

jeopardy concerns. Accordingly, we remand for resentencing with the convictions of robbery and criminal confinement as Class B felonies.[10]

[15] Remanded for resentencing consistent with the holding of this opinion.

Crone, J., and Bradford, J., concur.

---

[10] Because we hold the trial court improperly sentenced Gonzalez, we need not decide his argument alleging the improper imposition of consecutive sentences.